1

2

3

4                    UNITED STATES DISTRICT COURT

5                   EASTERN DISTRICT OF CALIFORNIA

6

7   Juan Moreno,                    No. 2:14-cv-00954-GEB-EFB

8              Plaintiff,

9        v.                         **ORDER TO SHOW CAUSE AND**
                                    **CONTINUING STATUS (PRETRIAL**
10  Miguel Toscano; Silvia          **SCHEDULING) CONFERENCE**
    Toscano; and Does 1-10,

11

12             Defendants.

13

14        The April 18, 2014 Order Setting Status (Pretrial

15  Scheduling) Conference scheduled a status conference in this case

16  on July 21, 2014, and required the parties to file a joint status

17  report no later than fourteen (14) days prior to the scheduling

18  conference. The April 18, 2014 Order further required that a

19  status report be filed regardless of whether a joint report could

20  be procured. No status report was filed as ordered.

21        Therefore, Plaintiff is Ordered to Show Cause ("OSC")

22  in a writing to be filed no later than July 21, 2014, why

23  sanctions should not be imposed against him and/or his counsel

24  under Rule 16(f) of the Federal Rules of Civil Procedure for

25  failure to file a timely status report. The written response

26  shall also state whether Plaintiff or his counsel is at fault,

27  and whether a hearing is requested on the OSC.[1] If a hearing is

28  _____
    [1]    "If the fault lies with the attorney, that is where the impact of

                                    1

requested, it will be held on September 15, 2014, at 9:00 a.m.,

just prior to the status conference, which is rescheduled to that

date and time. A joint status report shall be filed no later than

fourteen (14) days prior to the status conference.

      IT IS SO ORDERED.

Dated:   July 11, 2014

                                       _____

GARLAND E. BURRELL, JR.
Senior United States District Judge

---

sanction should be lodged.  If the fault lies with the clients, that is where
the impact of the sanction should be lodged." In re Sanction of Baker, 744
F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).
Sometimes the faults of attorneys, and their consequences, are visited upon
clients. Myers v. Shekter (In re Hill), 775 F.2d 1385, 1387 (9th Cir. 1985).